UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62178-CIV-COHN/SELTZER

WILLIAM C. POOLE, JR.,

    Plaintiff,

v.

FLORIDA PROFESSIONAL PROPERTY
MANAGEMENT, INC., and 900 NORTHEAST
QUADPLEX, LLC,

    Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S REQUEST FOR EMERGENCY HEARING**

**THIS CAUSE** is before the Court upon Plaintiff William C. Poole, Jr.'s Petition for Injunctive Relief and Other Relief, Injunctive and Economic [DE 1] ("Petition"). The Court has considered the Petition and is otherwise fully advised in the premises.

In the Petition, Plaintiff asks for "an emergency hearing for emergency injunctive relief," to enjoin his eviction pending the outcome of this suit. See Petition at 13. It is unclear precisely what form of injunctive relief Plaintiff seeks. The Court notes that there are two forms of injunctive relief that may be granted prior to a trial on the merits. First, the Court may issue a temporary restraining order. Pursuant to Federal Rule of Civil Procedure 65(b)(1), temporary restraining orders may be issued without notice to the adverse parties — in this case, the Defendants — only if:

> (A) specific facts in an affidavit or a verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney [or the *pro se* movant] certifies in writing any

efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1). Moreover, in order to obtain a restraining order, a party must demonstrate that "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." Schiavo ex. rel Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Temporary restraining orders expire no more than 14 days after they are issued. See Fed. R. Civ. P. 65(b)(2). Here, Plaintiff has not submitted an affidavit or a verified complaint alleging facts supporting the four requirements for a temporary restraining order. Nor has he certified why notice to Defendants should not be required. Therefore, it would be improper at this time to grant a temporary restraining order.

Second, Plaintiff may also move for a preliminary injunction, which can only be issued by the Court after prior notice to Defendants. See Fed. R. Civ. P. 65(a)(1). In order to obtain a preliminary injunction, Plaintiff must establish the same four elements as required for a temporary restraining order. See Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994). As Defendants have not been given notice that Plaintiff is seeking a preliminary injunction, or otherwise complied with Rule 65, the Court will not grant a preliminary injunction or a hearing at this time. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's request for an "emergency hearing for emergency injunctive relief," as stated in the Petition for Emergency Injunctive Relief and Other Relief, Injunctive and Economic [DE 1], is **DENIED without prejudice**.

2. Plaintiff may move for a temporary restraining order, a preliminary injunction, or both, as stated in this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of November, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
William C. Poole, Jr.
900 NE 23rd Drive
Unit 2
Wilton Manors, FL 33305
PRO SE